PETER L. ISOLA (SBN 144146)
pisola@hinshawlaw.com
BRIAN S. WHITTEMORE (SBN 241631)
bwhittemore@hinshawlaw.com)
IAN A. KING, II (SBN 334827)
iking@hinshawlaw.com
HINSHAW & CULBERTSON LLP
50 California Street, Suite 2900
San Francisco, CA 94111
Telephone:  415-362-6000
Facsimile:   415-834-9070

Attorneys for Defendant
SALLIE MAE BANK

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA; SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>Phillip Ryan Sweetland,<br><br>    Debtor, | USBC Case No. 23-22896<br><br>**DEFENDANT SALLIE MAE BANK'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV P. 26(a)(1)** |
| Phillip Ryan Sweetland,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, ET. AL.,<br><br>    Defendants. | Adv. Proc. Case No. 23−02089 – E<br><br>Judge: Honorable Ronald H. Sargis<br><br>Hearing Date: January 17, 2024<br><br>Complaint Filed:  11/1/23 |

Defendant SALLIE MAE BANK ("Defendant" or "SMB"), pursuant to Fed. R. Civ. P. 26(a)(1), discloses as follows:

**GENERAL STATEMENT**

Defendant SALLIE MAE BANK ("Defendant" or "SMB"), submit this Discovery Plan pursuant to the provisions of Federal Rule Civil Procedure 26(a)(1), as incorporated into this proceeding by Federal Rule of Bankruptcy Procedure.  These disclosures are made based on the information reasonably available to Defendant as of the date of execution of these disclosures. Defendant's disclosures represent a good

faith effort to identify individuals and documents that it reasonably believes are relevant to this adversary proceeding.

By identifying individuals who are likely to have discoverable information relevant to this proceeding, Defendant is not representing that the identified individuals necessarily possess personal knowledge of such information. Further, in making these disclosures, Defendant does not represent that it is identifying every document, tangible thing, or witness that possibly is or may become relevant to this lawsuit. Defendant reserves the right to object to the production of documents or tangible things disclosed herein on the basis of privilege, the work product doctrine, relevancy, undue burden, non-existence, lapse in time, or any other valid objections. Defendant further reserves the right to supplement these disclosures as the parties proceed with further discovery and investigation in this case.

Defendant's disclosures are made without waiving: (1) the right to object on the grounds of competence, privilege, relevance, materiality, hearsay or any other proper ground to the use of this information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery requests or proceeding involving or relating to the subject matter of these disclosures.

**A. Individuals Likely to have Discoverable Information**

1. Plaintiff, Phillip Ryan Sweetland.

Mr. Sweetland is expected to have information regarding the factual nature of his claim, the student loan accounts that are the subject of this claim, any communications he had with SMB or anyone else regarding the accounts of his bankruptcy action. Additionally, he is likely to have information regarding his present financial condition and ability to repay his student loans.

2. Representative(s) of SALLIE MAE BANK (hereinafter, "SMB"), c/o Hinshaw & Culbertson LLP.

SMB's corporate representative must be contacted through its counsel of record in

this matter. Based solely upon his or her review of SMB's business records, SMB's corporate representative may have information regarding the subject student loan account(s). The corporate representative may also have information regarding the factual allegations in Plaintiffs' Adversary Complaint, as well as SMB's contentions and defenses. In addition, he or she is likely to have discoverable information regarding the business activities, functions, and business records of SMB.

3. All individuals identified by Plaintiff, or any other individuals or entities identified through discovery that may possess information relative to Plaintiff's claims or SMB's defenses.

4. SMB reserves the right to supplement the above disclosure as a result of its continuing investigation and discovery.

**B. Relevant Documents**

1. Loan applications, promissory notes, and supporting records evidencing the subject student loan accounts for which Plaintiff is identified as a co-signer.

2. Correspondence between SMB, Plaintiff, and the primary borrower regarding the student loan(s).

3. SMB's business records pertaining to the servicing of the subject loan accounts, including but not limited to account notes, payment histories, and information furnished to consumer reporting agencies.

Ongoing investigations may reveal additional documents or things SMB may use to support its claim or defenses. SMB reserves the right to amend, supplement, or modify this response as necessary pending competition of further investigation and discovery.

**C. Computation of Damages**

SMB does not currently claim any damages relative to this action. Defendant reserves the right to seek its attorneys' fees and costs pursuant to F.R.C.P. 11 and/or 28 U.S.C. §1927 if it is determined that this action was brought in bad faith and for the purpose of harassment. SMB specifically notes, however, that by making no disclosure at this time, it does not waive the right to seek attorney's fees and costs from Plaintiffs at a later time.

**D. Insurance Agreements**

SMB is not aware of any applicable insurance agreement.

DATED:  January 17, 2024	HINSHAW & CULBERTSON LLP

By:  /s/ *Peter L. Isola*
PETER L. ISOLA
IAN A. KING, II
Attorneys for Defendant
SALLIE MAE BANK

## FILER'S ATTESTATION

I, PETER L. ISOLA, am the ECF user whose identification and password are being used to file this ANSWER. In compliance with Local Rules, I hereby attest that all party signatories hereto concur in this filing.

/s/ *Peter L. Isola*